IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-11-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JEREMY LEO TINCHER, | |
| Defendant. | |

## I. Synopsis

Defendant Jeremy Leo Tincher (Tincher) has been accused of violating the conditions of his supervised release. Tincher admitted all of the alleged violations. Tincher's supervised release should be revoked. Tincher should be placed in custody for 7 months, with 14 months of supervised release to follow. Tincher should serve the first 180 days of supervised release in a residential re-entry center. Tincher should participate in an outpatient mental health treatment program as directed by his probation officer.

## II. Status

Tincher pleaded guilty to Domestic Abuse by a Habitual Offender on November 10, 2020. (Doc. 41). The Court sentenced Tincher to 30 months of

custody, followed by 2 years of supervised release. (Doc. 50). Tincher's current term of supervised release began on December 27, 2022. (Doc. 65 at 1).

**Petition**

The United States Probation Office filed a Petition on July 27, 2023, requesting that the Court revoke Tincher's supervised release. (Doc. 65). The Petition alleged that Tincher had violated the conditions of his supervised release: 1) by using fentanyl; and 2) by failing to reside at a sober living facility as directed by his probation officer.

**Initial appearance**

Tincher appeared before the undersigned for his initial appearance on August 8, 2023. Tincher was represented by counsel. Tincher stated that he had read the petition and that he understood the allegations. Tincher waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 8, 2023. Tincher admitted that he had violated the conditions of his supervised release: 1) by using fentanyl; and 2) by failing to reside at a sober living facility as directed by his probation officer. The violations are serious and warrant revocation of Tincher's

supervised release.

Tincher's violations are Grade C violations. Tincher's criminal history category is I. Tincher's underlying offense is a Class C felony. Tincher could be incarcerated for up to 24 months. Tincher could be ordered to remain on supervised release for up to 21 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Tincher's supervised release should be revoked. Tincher should be incarcerated for 7 months, with 14 months of supervised release to follow. Tincher should serve the first 180 days of supervised release in a residential re-entry center. Tincher should participate in an outpatient mental health treatment program as directed by his probation officer.

### IV. Conclusion

The Court informed Tincher that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Tincher of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Tincher that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Jeremy Leo Tincher violated the conditions of his supervised release by using fentanyl; and by failing to reside at a sober living facility as directed by his probation officer.

The Court **RECOMMENDS:**

That the District Court revoke Tincher's supervised release and commit Tincher to the custody of the United States Bureau of Prisons for 7 months, with 14 months of supervised release to follow. Tincher should serve the first 180 days of supervised release in a residential re-entry center. Tincher should participate in an outpatient mental health treatment program as directed by his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 9th day of August, 2023.

/s/ John Johnston
John Johnston
United States Magistrate Judge