IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY LEO TINCHER,<br><br>Defendant. | CR 20-11-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Jeremy Leo Tincher (Tincher) has been accused of violating conditions of his supervised release. (Docs. 90). Tincher admitted one of the alleged violations. Tincher's supervised release should be revoked. Tincher should be sentenced to custody until December 30, 2024, with no term of supervised release to follow.

## II. Status

Tincher plead guilty on November 10, 2020, to the offense of Domestic Abuse by Habitual Offender, in violation of 18 U.S.C. § 117 (a) as charged in the Indictment. (Doc. 41). Tincher was sentenced to 30 months of custody followed by

2 years of supervised release. (Doc. 35). Tincher's current term of supervised release began on August 8, 2024.

### Petition

On September 5, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Tincher's supervised release. (Doc. 90). The Petition alleged Tincher violated conditions of his supervised release by: (1) possessing spice, a psychoactive substance on September 3, 2024; and (2) being terminated from his placement at Alpha House, a residential reentry center, on September 3, 2024.

### Initial Appearance

Tincher appeared before the Court on September 23, 2024. Tincher was represented by counsel. Tincher stated that he had read the Petition and that he understood the allegations against him. Tincher waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on September 23, 2024. Tincher admitted that he had violated the conditions of supervised release as set forth in the Petition by: (2) being terminated from his placement at Alpha House, a residential reentry center, on September 3, 2024. Tincher denied allegation (1) possessing spice,

a psychoactive substance on September 3, 2024. The Government moved to dismiss allegation (1), which the Court granted. Tincher's admitted violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Tincher appeared before the Court on September 23, 2024. Tincher's violation is a Grade C violation. His criminal history category is I. Tincher's underlying offense is a Class C felony. Tincher could be incarcerated for up to 24 months. Tincher could be ordered to remain on supervised release for 11 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Tincher's supervised release should be revoked. Tincher should be sentenced to custody until December 30, 2024, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Tincher that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Tincher of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Tincher that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That JEREMY LEO TINCHER has violated the conditions of his supervised release by: (2) being terminated from his placement at Alpha House, a residential reentry center, on September 3, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Tincher's supervised release and sentence Tincher to custody until December 30, 2024, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocate before a district court judge.

DATED this 24th day of September 2024.

John Johnston
United States Magistrate Judge